NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3183

LEON J. MODROWSKI,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  December 8, 2005

_____

Before MICHEL, <u>Chief Judge</u>, CLEVENGER and SCHALL, <u>Circuit Judges</u>.

PER CURIAM.

Leon J. Modrowski seeks review of the final decision of the Merit Systems Protection Board ("Board"), affirming denial by the Office of Personnel Management ("OPM") of Mr. Modrowski's request for reconsideration.  <u>Modrowski v. Office of Pers. Mgmt.</u>, No. CH0831040100-I-1 (March 15, 2005).  OPM had determined that Mr. Modrowski's annuity must be reduced by two percent because he was separated from service before attaining the age of 55.   We <u>affirm</u>.

I

After Mr. Modrowski's request for reconsideration by OPM was denied, he appealed to the Board.  The Administrative Judge ("AJ") assigned to the case ruled on

April 19, 2004, that OPM had properly denied Mr. Modrowski's request for reconsideration.

Under the applicable law, a federal employee who is separated from service after becoming 55 years of age and completing 30 years of service is entitled to a retirement annuity. 5 U.S.C. § 8336(a) (2000). Employees who qualify for a retirement annuity under section 8336(a) are not subject to reduction of the annuity under the terms of 5 U.S.C. § 8339(h). However, the section 8339(h) annuity reduction does apply to employees who retire under 5 U.S.C. § 8336(d). In particular, section 8336(d)(2) provides for retirement of employees during a period in which the agency for which they are serving is undergoing a major reorganization. Eligibility for retirement under section 8336(d)(2) is commonly known as "early-out" authority. According to section 8339(h), the annuity of any person retiring under section 8336(d) "is reduced by 1/6 of 1 percent for each full month the employee is under 55 years of age at the date of separation." 5 U.S.C. § 8339(h) (2000).

The AJ held that the term "separation" in section 8339(h) refers to the date on which an employee retires from service. In so holding, the AJ deferred to the interpretation of the term provided by OPM, the agency charged with enforcement of the statute. Since, as described in more detail below, Mr. Modrowski was under 55 years of age when he was retired under the "early-out" authority, the AJ affirmed OPM's reconsideration decision. Mr. Modrowski's petition for review to the full Board failed, and he timely appealed to this court.

## II

Mr. Modrowski was removed from a position with the Department of Veterans Affairs on October 6, 1997. He appealed his removal to the Board, where he was unsuccessful. However, on petition for review in this court, we remanded the case to the Board for further consideration of the appropriate penalty. Modrowski v. Dep't of Veterans Affairs, 252 F.3d 1344, 1353 (Fed. Cir. 2001). On July 1, 2002, following further proceedings, the parties entered a settlement agreement, approximately five years after Mr. Modrowski had been removed. The settlement agreement provided, among other things, that Mr. Modrowski would be reinstated, without back pay, effective the date of his removal, i.e., October 6, 1997, and that he would retire effective December 28, 1999. Mr. Modrowski has not worked for the agency since his removal in 1997; his settlement agreement provided for unworked employment from the date of his removal through December 28, 1999, such that he would have 30 years of service at the date of retirement—enough years to entitle him to a retirement annuity.

## III

There is no question that Mr. Modrowski is entitled to a retirement annuity. The only question is whether his annuity is subject to reduction under section 8339(h). On December 28, 1999, the effective date of retirement, Mr. Modrowski was only 54 years old. However, on the date the settlement agreement was executed, Mr. Modrowski was 56 years old. It is undisputed that Mr. Modrowski retired under section 8336(d)(2), the early-out authority described above. Under the law, a reduction of one's annuity under section 8339(h) only occurs if the employee is under the age of 55 at the date of "separation" from service.

In Mr. Modrowski's reconsideration request to OPM, in his appeal to the Board, and in his briefs to this court, he asserts that the date of his "separation" for purposes of section 8339(h) is the date of his settlement agreement, when he was 56 years old. Thus, he argues that he is not subject to a two percent annuity reduction. Throughout, OPM has contended that the date of his separation from service is the date of his "paper" retirement, December 28, 1999, when he was 54 years old, such that he is subject to the two percent reduction.

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (2000). In this case, the only issue is whether "separation" in section 8339(h) means the date of retirement.

As the Board noted in its decision, OPM interprets the term "separation" in section 8339(d) to be the date on which one retires from service. That interpretation, if reasonable, is entitled to the deference it was afforded by the Board. See, e.g., Ruskin v. Office of Pers. Mgmt., 73 M.S.P.R. 544, 548 (1997). We think it indeed reasonable that OPM would consider the date of one's separation from service to be the date on which one retires from service.

As the Board correctly decided that Mr. Modrowski was "separated" on the date of his agreed retirement, OPM correctly reduced his annuity. The final decision of the Board is therefore affirmed.